IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOE MARLIN GILMER,<br>    Petitioner,<br><br>v.<br><br>DIRECTOR, TDCJ-CID,<br>    Respondent. | § § § § § § § § § | Case No. 6:19-cv-208-JDK-JDL |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner Joe Marlin Gilmer, a Texas Department of Criminal Justice inmate proceeding pro se, filed this petition for the writ of habeas corpus challenging the legality of his conviction. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

Before the Court are Petitioner's motion for summary judgment (Docket No. 45) and motion for discovery (Docket No. 53) and Respondent's supplemental motion for summary judgment (Docket No. 50). On July 6, 2021, Judge Love issued a Report and Recommendation recommending that the Court grant Respondent's motion for summary judgment, deny Petitioner's pending motions, and dismiss this petition with prejudice as barred by the statute of limitations and, alternatively, as lacking in merit. The Report further recommended that a certificate of appealability be denied. Docket No. 55. Petitioner timely objected. Docket No. 60.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the

1

Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Petitioner raises several objections that the Court will address in turn.

1.

Petitioner first asserts that the indictment charged him under Texas Penal Code § 22.02 for aggravated assault with a deadly weapon / family violence under Texas Family Code § 71.004, but the text of the indictment says that Lawler was a member of Petitioner's family as defined under Family Code § 71.003. Docket No. 60 at 2–3. However, the indictment specifically charges Petitioner with aggravated assault against a family member as defined in Family Code § 71.003. Docket No. 17-17 at 6. The use of the term "aggravated assault with family violence" does not indicate an improper reference to § 71.004 or otherwise render the indictment invalid. *See, e.g.*, *Johnson v. State*, No. 05-15-0060-CR, 2016 WL 1733610 (Tex. App.—Dallas 2016, no pet.) (citing *Thomas v. State*, 150 S.W.3d 887, 888 (Tex. App.—Dallas 2004, pet. ref'd)). Further, the Texas Court of Criminal Appeals has implicitly held that the indictment was sufficient by declining to grant state habeas corpus relief, which precludes federal habeas relief on the question of the sufficiency of the indictment. *McKay v. Collins*, 12 F.3d 66, 68–69 (5th Cir. 1994). Accordingly, this objection is without merit.

*2.*

Petitioner next complains that the board policy regarding law library holdings, cited in the affidavits of Jeania Pegoda and Jessica Riley, is hearsay, and that these affidavits are not based on personal knowledge. Docket No. 60 at 5–6. But the board policy is a public record and therefore an exception to the hearsay rule under Federal Rule of Evidence 803(8). Pegoda's affidavit states that she has personal knowledge and is the custodian of records, and that under TDCJ policies in effect at the time, inmates had access to a law library, which included a physical copy of a publication containing the federal habeas corpus statutes. Docket No. 50-4. Riley's affidavit states that she has personal knowledge of the fact that the law library holdings list for all TDCJ units since 2011 includes "Federal Civil Judicial Procedure and Rules," a book containing the federal habeas corpus statutes. Docket No. 50-3. These affidavits sufficiently show that the affiants had personal knowledge of the information they provided.

The Magistrate Judge correctly concluded that, unlike the situation in *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003), Respondent provided evidence that the Petitioner had access to the AEDPA text. *See Dufrene v. Ramos*, No. 16-13822, 2016 WL 631112, at *3–4 (E.D. La. Oct. 6, 2016) (collecting cases holding that the scope of *Egerton* is extremely limited based upon its unusual facts); *Romero v. Thaler*, No. 2:10-cv-75, 2010 WL 2366025, at *3 (N.D. Tex. 2010) ("Now that the AEDPA has been in effect for over a decade, it is unlikely that a prisoner could successfully rely on *Egerton*, which was fact-specific to a prisoner dealing with a new law and no copy of the statute.") Accordingly, this objection is without merit.

*3.*

More pertinently, the Magistrate Judge determined that it was not a purported lack of legal materials that prevented Petitioner from timely seeking federal habeas corpus relief, but rather the fact that he waited sixteen months after his conviction became final before seeking state habeas corpus relief. Docket No. 55 at 9. In his objections, Petitioner claims that he delayed filing his *state* habeas petition because he was unaware of the *federal* habeas statute of limitations. Docket No. 60 at 7–8. The Magistrate Judge appropriately observed that, "had Gilmer believed that state habeas was his only recourse, as he claims to have been told, he had no reason to wait over a year before seeking such relief." Docket No. 55 at 9. Petitioner has not shown that the alleged inadequacy of the law library caused his delay in seeking *state* habeas relief, and it was this delay that resulted in the expiration of his federal limitations period. Petitioner's objection on this ground is thus without merit.

*4.*

Next, Petitioner asserts that his actual innocence is a gateway to evade the statute of limitations. Petitioner contends that he pleaded guilty to the alleged offense of aggravated assault—family violence causing serious bodily injury. Docket No. 60 at 14. On December 20, 2016, Petitioner asserts that the trial court found him guilty of aggravated assault—date / family / household member with the finding of a deadly weapon. *Id.* Then, on January 19, 2017, Petitioner alleges that the trial court found him guilty of aggravated assault with a deadly weapon—family violence. *Id.* He again argues that he was convicted under Texas Family Code § 71.004, which Petitioner argues is a "non-existent offense." *Id.* at 15.

4

The aggravated assault statute under which Petitioner was convicted, Texas Penal Code § 22.02, provides that an assault is a first-degree felony if the actor uses a deadly weapon during the commission of the assault and causes serious bodily injury to a person whose relationship or association with the defendant is described by Texas Family Code §§ 71.0021(b) [dating relationship], 71.003 [family], or 71.005 [household]. Section 71.004 does not define a relationship, but rather defines the term "family violence." Nothing in the record substantiates Petitioner's claim that he was convicted under an application of Penal Code § 22.02 to Family Code § 71.004. Accordingly, this objection is without merit.

5.

Next, Petitioner asserts that he was convicted of assaulting a person not named in the indictment. Docket No. 60 at 15–16. Petitioner argues he was indicted for assaulting a person named "Charles Lawler" but during the sentencing phase, the evidence showed that he had assaulted a person named "Charles Lindy Lawler." *Id.* Petitioner's reliance on *Scott v. State*, 915 S.W.2d 505 (Tex. Crim. App. 1996), is misplaced. The cited opinion is a dissent from the denial of a petition for discretionary review. Further, the underlying case, 905 S.W.2d 783 (Tex. App.—Waco 1995, pet. ref'd), which did reverse a conviction where the defendant was charged with assaulting "Ray Gann" when the victim's name was actually "Roy Gann," was later disavowed, rendering the case no longer good law. *Williams v. State*, 975 S.W.2d 375, 377 (Tex. App.—Waco 1998, pet. ref'd). And Petitioner has not shown that he was surprised to his detriment by any purported discrepancy between "Charles Lawler"

5

and "Charles Lindy Lawler." *See Stevens v. State*, 891 S.W.2d 649, 650 (Tex. Crim. App. 1995). Petitioner's objection on this point is without merit.

6.

Petitioner next argues that new evidence—a request for admission in an unrelated Van Zandt County case—negates the serious bodily injury element of his convicted offense. Docket No. 60 at 19–23. Petitioner asserts that he submitted requests for admissions to Lawler, one of which asked: "Do you admit or deny that on March 16, 2015, you suffered incapacitation, permanent disfigurement, protracted loss or impairment of function of any bodily member or organ?" Docket No. 37 at 29. The response was: "Denied." *Id.*

As the Magistrate Judge explained, the factual basis of this actual innocence claim is the contention that Lawler did not suffer "serious bodily injury." The Magistrate Judge determined that Petitioner testified at his plea hearing that he had discussed the facts of the case with counsel, rendering the factual predicate of his claim of innocence available to him prior to the entry of his guilty plea. Docket No. 55 at 14. Petitioner objects that there is no evidence as to what facts he and counsel discussed; thus, he asserts it "would require the Court to exercise speculation that trial counsel discussed Charles Lawler's medical records with the Petitioner, as clearly there is [sic] no medical records for Charles Lawler; however, there is medical records for Charles Lindy Lawler." Docket No. 60 at 21. But the Magistrate Judge correctly determined that the medical evidence upon which Petitioner relies for his claim of actual innocence was available to him through his discussions with counsel. Docket No. 55 at 14 ("At the guilty plea proceeding, Gilmer testified that he had gone

6

over the facts of his case with counsel, both as alleged by the State and the facts as Gilmer saw them." (citing Docket No. 17-14 at 65)). Accordingly, this objection is without merit.

7.

After incorrectly asserting that "this Court has already determined that the Petitioner has presented a meritorious claim of actual innocence based on new evidence showing that the [sic] Charles Lindy Lawler did not suffer any serious bodily injury," Petitioner asserts that "the record contains no evidence that the alleged victim in this case suffered serious bodily injury," and that the Court "in the interest of justice must vacate the Petitioner's conviction." Docket No. 60 at 22–23. To the extent Petitioner is making a freestanding claim of actual innocence as a ground for habeas corpus relief, the Magistrate Judge correctly determined that such a claim does not provide a valid basis for habeas corpus relief. Docket No. 55 at 27 (citing *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000)). Furthermore, Petitioner's assertion that there is no evidence of serious bodily injury is incorrect because he entered a sworn judicial confession that he had committed the offense exactly as charged in the indictment, and this judicial confession is sufficient evidence to support the finding of guilt. *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986). Accordingly, this objection is without merit.

8.

Petitioner also argues that the state habeas court's rejection of his actual-innocence claim is not entitled to a presumption of correctness because the petition is still pending, in that no mandate has issued. Docket No. 60 at 23. Petitioner is

mistaken. A denial of state habeas relief without written order does not require the issuance of a mandate.[1] *See* Tex. Code Crim. Pro. art. 11.07(5). Accordingly, this objection is without merit.

9.

Next, Petitioner argues that although the state habeas court deemed Key's affidavit credible, this determination should not be entitled to deference because the affidavit was not premised on a live evidentiary hearing, was not fairly supported by the record, the state habeas judge was not the judge who presided over the trial, Key's affidavit does not show that he is competent to testify or that the facts therein stated are true and correct, and the allegations of the affidavit are not supported by the record. Docket No. 60 at 27. But Key's affidavit states that he has personal knowledge of the facts and is otherwise competent to make the affidavit. Docket No. 17-14 at 4. A live evidentiary hearing is not required for the federal court to apply the presumption of correctness to the state habeas court's findings of fact. *Harris v. Thaler*, 464 F.App'x 301 (5th Cir. 2012). Judge Drum presided over Petitioner's trial as well as the state habeas proceedings. And in order to overcome a state habeas court's factual findings, a federal habeas petitioner must show by clear and convincing evidence that these findings are incorrect. 28 U.S.C. § 2254(e)(1); *Ford v. Davis*, 910 F.3d 232, 234 (5th Cir. 2018). Petitioner has failed to make such a showing. Accordingly, his objection on this point is without merit.

---

[1] Further, were Petitioner correct in this argument, Petitioner's claim of actual innocence would be unexhausted and thus not properly before the federal district court.

*10.*

Petitioner reiterates his assertions that he was told he would be eligible for deferred adjudication probation and that Key did not discuss with him the advantages of pleading guilty or not pleading guilty and pursuing a jury trial. Docket No. 60 at 28–31. The Magistrate Judge correctly determined that these claims were foreclosed by the state habeas court's findings, Key's affidavit (which the state habeas court implicitly found credible), and the fact that Petitioner was told the correct range of punishment in open court before entering his plea and thus knew he was not eligible for probation. Docket No. 55 at 26–27. Although he asserts that "Petitioner by way of the Written Admonishment was informed and advised about the trial court deferring the finding of guilt and placing the Petitioner on community supervision," this is incorrect; the written admonishments state that the offense is a first-degree felony, carrying a punishment of confinement in the Institutional Division of the Texas Department of Criminal Justice for life or for a term of not more than 99 years or less than 5 years, and in addition, a fine not to exceed $10,000.00 may be imposed. Docket No. 17-14 at 52. Accordingly, this objection is without merit.

*11.*

Finally, Petitioner complains that Key did not investigate his claim of self-defense even after Petitioner told him that he had been struck in the head with a garden hoe. Docket No. 60 at 31. As the Magistrate Judge observed, Petitioner asserted in his state habeas petition that he had suffered a four-inch cut on his head, and also gave a written statement in which he said that he had suffered a two-inch cut on his head. Docket No. 55 at 23. However, a report from a jail nurse stated that

9

Petitioner had no medical history or complaints of any pain from a trauma-inflicted injury since he was booked into the jail.  Docket No. 17-14 at 78.  Even assuming Key did not investigate this assertion, Petitioner has not shown how an investigation would have aided the defense.  Accordingly, this objection is without merit.

\* \* \*

Having conducted a de novo review of the Report, Petitioner's objections, and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit.  The Court therefore **OVERRULES** Petitioner's objections (Docket No. 60) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 55) as the opinion of the District Court.  The Court therefore **GRANTS** Respondent's motion for summary judgment (Docket No. 50).  This petition for habeas corpus is hereby **DISMISSED** with prejudice.  Further, the Court **DENIES** a certificate of appealability

So **ORDERED** and **SIGNED** this **15th** day of **September, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE